## PROSECUTION FOR FAILURE TO PROVIDE FOR MINOR CHILDREN.

Common Pleas Court of Licking County.

STATE OF OHIO v. RALPH BAKER.*

Decided, September Term, 1916.

*Parent and Child—Failure to Provide for Minor Children May be Charged in One Count—Voluntary Care of a Child by Another Relieves a Delinquent from the Charge of Failure to Support.*

Where an indictment charges failure on the part of the defendant to support his two boys under sixteen years of age, and it appears from the evidence that by consent of all the parties in interest one of the boys is being supported and in a proper manner by his grandparents, but no such voluntary support has been given the other boy and there has been a failure on the part of the defendant to provide him with a proper home, food and clothing, a judgment may be entered acquitting the defendant with respect to one of the boys but finding him guilty with respect to the other, notwithstanding the charge as to both is contained in one count.

*J. W. Horner*, Prosecuting Attorney, for plaintiff.
*Kibler & Kibler*, contra.

FULTON, J.

In this case a jury was waived and it was submitted to the court upon the testimony, which was to the effect that Ralph Baker has two children, and these two children are the ones which it is claimed in the incident he has failed to support. One of them is named John Baker, fifteen years old; the other Russell Baker, aged five years. The evidence shows that as far as John Baker is concerned, the defendant is not guilty. John Baker was supported, as the evidence shows, by his grandparents. I think they are the grandparents, but anyhow it was some one who voluntarily did it, and willingly did it, and this child was no charge upon the wife or anybody else, but by the consent of all parties he seemed to live with these parties and they were

*Affirmed, *Baker* v. *State of Ohio*, 27 C.C.(N.S.), ——.

taking care of him and boarding and clothing him and sending him to school, so that they performed all the parental duties that belonged to the parents, and by their consent John was thus supported. But as to Russell the case is entirely different. He is only five years old, and there is nothing to show that Ralph Baker was doing anything towards supporting him.

It is argued by the attorney for the defendant that because the court would be compelled to find that there is no evidence showing that the defendant failed to support John Baker, that therefore the court could not find him guilty of not supporting Russell Baker, but would be compelled to find him not guilty as charged in the indictment. The court does not think that that is so. For instance, if a person were indicted for stealing seven hogs and if the proof showed that he stole six, could any one say that he should go free because the indictment charged him with stealing seven and the proof only showed that he stole six? I do not think that that would be the law. The evidence clearly shows that nothing was done by the defendant towards supporting this five-year-old boy; and the court finds he is guilty under the indictment for not supporting the five-year-old boy named Russell. Unless he makes arrangements by which he furnishes support to this minor five years old, there will have to be an order according to law in that matter.

By Edward Kibler, Sr.: Did the court consider whether it would not have been necessary to have had separate counts in the indictment?

The Court: It might have been better, but I do not think it is fatal.